[Civ. No. 939.  First Appellate District.—March 21, 1911.]

## M. KRAKER, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

CERTIORARI—APPEAL FROM JUSTICE'S COURT—QUESTIONS OF LAW AND FACT—DISMISSAL WITHOUT TRIAL—WANT OF PROSECUTION—JUDGMENT FOR RESPONDENT—EXCESS OF JURISDICTION.—Where a judgment rendered in the justice's court against the defendant was appealed by the defendant to the superior court on questions of law and fact, the dismissal of the appeal for want of prosecution by the appellant and the rendition of the judgment appealed from in favor of the respondent without trial, was in excess of the jurisdiction of the superior court, and its action will be annulled on *certiorari*.

ID.—RIGHT OF TRIAL DE NOVO—DUTY OF SUPERIOR COURT.—When an appeal from a judgment of the justice's court is taken and duly perfected by a defendant upon questions both of law and fact, the case is removed to the superior court for a trial *de novo*, and the superior court must try the case as if there had been no trial in the justice's court.

ID.—PLAINTIFF THE ACTOR IN SUPERIOR COURT.—In such case, the appeal being duly perfected, the plaintiff is the actor in the superior court, as he was in the justice's court, and it is his duty to bring the case on for trial, and no duty in that respect devolves upon the defendant, though he is the appealing party.

ID.—REMEDY FOR DISMISSAL OF APPEAL IN JUSTICE'S COURT—EXCESS OF
JURISDICTION—APPROPRIATE REMEDY.—Where an appeal upon ques-
tions of law and fact has been duly perfected, the superior court
exceeds its jurisdiction in dismissing the appeal, and its action may
be controlled by the appropriate remedy. If there is no other judg-
ment, *mandamus* may lie to compel the trial of the case.

ID.—JUDGMENT FOR PLAINTIFF WITHOUT TRIAL—WRIT OF REVIEW—AN-
NULMENT OF ORDER AND JUDGMENT.—Where, in addition to the dis-
missal, judgment was rendered for plaintiff without trial, the ap-
propriate remedy is to vacate and annul both the order of dismissal
and the judgment by writ of review, when the case will stand for
trial *de novo* in the superior court.

APPLICATION for writ of review to annul a judgment
and order of the Superior Court of the City and County of
San Francisco. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

James P. Sweeney, and Joseph P. Lucey, for Petitioner.

Edgar C. Levey, and George M. Lipman, for Respondent.

HALL, J.—Petitioner filed his petition in this court for a
writ of review, for the purpose of reviewing the action of the
superior court in dismissing an appeal taken by said Kraker
from a judgment rendered in the justice's court against said
Kraker and in favor of one Albert Mueller, who was the plain-
tiff in the action in said justice's court. No formal answer
was made to the writ, but both parties appeared and obtained
leave to file briefs. In the briefs the matter has been pre-
sented as upon a demurrer to the petition.

From the facts thus admitted it appears that an action was
commenced in the justice's court in 1904, by Albert Mueller,
as plaintiff, against petitioner herein, M. Kraker, and judg-
ment rendered against Kraker in favor of Mueller in said
action in January, 1905, for the sum of $40 and costs.

In due time said Kraker duly took and perfected an appeal
from said judgment to the superior court upon both questions
of law and fact. The papers and files in said action were de-
stroyed by the great fire of April, 1906, but subsequently the
records in said action were restored by order of the superior
court duly given and made.

Thereafter Mueller, the plaintiff in said action, moved the court, upon notice given to the appellant (defendant in said action), to dismiss the appeal taken to the superior court upon the ground that the defendant in said action had failed and neglected to prosecute said appeal with due diligence.

The court granted the motion to dismiss the appeal, and in the same order gave judgment for the plaintiff in said action against the defendant, said Kraker, for the sum of $40 and costs, without any trial of the issues involved in said action.

The action of the superior court, both in dismissing petitioner's appeal and in entering judgment in favor of plaintiff in said action upon said appeal, was clearly without any warrant of law.

When an appeal from the judgment of a justice's court is taken and duly perfected, by a defendant, upon both questions of law and fact, the case is removed to the superior court for a trial *de novo,* and the superior court must try the case as if there had been no trial in the justice's court. In such case, the appeal being fully perfected, the plaintiff is the actor in the superior as he was in the justice's court, and it is his duty to bring the case on for trial, and no duty in that respect devolves upon the defendant, although he is the appealing party. (*Rabin* v. *Pierce,* 10 Cal. App. 734, [103 Pac. 771] ; *Alexander* v. *Municipal Court of Appeal* [Cal.], 4 Pac. 961.)

There has been some conflict in the authorities in this state as to whether or not the action of the superior court in dismissing an appeal from the justice's court may be reviewed (*Carlson* v. *Superior Court,* 70 Cal. 628, [11 Pac. 788] ; *Hall* v. *Superior Court,* 6 Cal. 24, [8 Pac. 509] ; *Buckley* v. *Superior Court,* 96 Cal. 120, [31 Pac. 8] ) ; but the matter has been finally put at rest by the decision of the supreme court in *Golden Gate Tile Co.* v. *Superior Court,* 159 Cal. — (filed March 11, 1911), 114 Pac. 978. It is there determined that where an appeal, upon questions of law and fact, is properly perfected, the superior court acts in excess of its jurisdiction in dismissing such appeal, and its action may be controlled by the appropriate remedy. In that case a writ of *mandamus* was issued to compel the trial of an action after the appeal had been in form dismissed.

In the case at bar the appeal was dismissed and a judgment in favor of plaintiff thereupon entered, without any trial of

the issues presented in the action. This was all without any warrant of law and in excess of the jurisdiction of the court. The order dismissing the appeal was void, and, therefore, was not an affirmance of the judgment appealed from, nor did it invest the superior court with jurisdiction to enter judgment without trial against the appellant.

The order of dismissal and the judgment against petitioner should be vacated and annulled, when the case will stand for trial *de novo* in the superior court.

The order and judgment, entered by the said superior court, in the case of *Albert Mueller* v. *M. Kraker,* dismissing the appeal to said court by said M. Kraker, and adjudging that said Mueller have and recover from said Kraker the sum of $40 and interest and costs, is vacated and annulled, as being void and in excess of the jurisdiction of said court.

Lennon, P. J., and Kerrigan, J., concurred.