[Civ. No. 1123. Second Appellate District.—March 5, 1912.]

## CHARLES E. BEHYMER, Petitioner, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF LOS ANGELES, HONORABLE GEORGE H. HUTTON, Judge Thereof, Respondent.

APPEAL FROM JUSTICE'S COURT — RULE OF SUPERIOR COURT REQUIRING DEPOSIT OF CLERK'S COSTS—PROPER GROUND FOR DISMISSAL.—The superior court may by rule reasonably require an appellant from the justice's court within thirty days after the filing of the transcript upon appeal to deposit with the clerk the sum of six dollars for his costs upon the appeal, under penalty for failure to do so of a dismissal of the appeal, upon motion after notice to the appellant.

ID.—DEPOSIT OF COSTS AFTER NOTICE OF MOTION TO DISMISS—EXCUSE FOR DELAY—COUNTER-AFFIDAVIT—DISCRETION NOT ABUSED.—Where after default of the appellant, and notice of motion to dismiss, the appellant deposited the costs and urged as an excuse for the delay the purpose of appellant's counsel to comply with the rule, and forgetfulness, owing to his weakened physical condition after an operation by a physician, rendering him for a time unfit to transact business, but it was shown by a counter-affidavit that appellant's counsel stated as a reason for not complying with the rule that appellant had not paid him the costs, and that he had refused to advance the same for his client, it cannot be said that the court abused its discretion in dismissing the appeal.

ID.—GROUND FOR RELIEF UNDER SECTION 473 NOT SHOWN—WRIT OF MANDATE DISALLOWED.—Where it appears from the affidavit of appellant's counsel that he was familiar with the rule requiring the deposit of costs within thirty days, and that he intended to pay the same, and there was a conflict in the evidence as to his excuse for not paying the same, the showing is not such as would entitle the plaintiff to relief under section 473 of the Code of Civil Procedure; nor is he entitled to a writ of mandate to compel the superior court to set aside the order dismissing the appeal and to entertain the same.

APPLICATION for a peremptory writ of mandate to the Superior Court of Los Angeles County. Geo. H. Hutton, Judge.

The facts are stated in the opinion of the court.

C. Beeson Sweet, for Petitioner.

Richard A. Dunnigan, for Respondent.

SHAW, J.—Application for a peremptory writ of mandate commanding the superior court and the Honorable George H. Hutton, judge thereof, to vacate and set aside an order dismissing an appeal from a judgment rendered in the justice's court in an action wherein one O. W. Hobbs was plaintiff and petitioner was defendant.

The judgment from which the appeal was taken was rendered on September 26, 1911, on which date defendant served his notice of appeal and filed the required undertaking, which action was followed, on October 3, 1911, by depositing with the clerk of the superior court a transcript of the justice's docket and the files and papers required upon hearing the case on appeal. The order of dismissal was made upon a motion based upon the ground that appellant had failed and neglected to pay to the clerk of the court the sum of six dollars as a deposit for costs, as required by rule 27 of the superior court, which is as follows: "In any civil action appealed from an inferior court, if the transcript and papers are not filed in the clerk's office and six dollars paid to the clerk as a deposit for costs, within thirty days after the notice of appeal and undertaking on appeal are filed in such inferior court, such appeal will be dismissed on motion made upon notice to the appellant." That such requirement is a reasonable one and the court authorized to adopt the rule, is unquestioned. (Code Civ. Proc., sec. 129.) The notice of the motion was given on November 3, 1911, and on the day following, some thirty-nine days after taking the appeal, appellant paid the fee of six dollars as a deposit for costs, thus for the first time perfecting his appeal. Clearly, he was in default, and unless entitled upon the showing made to relief under section 473, Code of Civil Procedure, the writ should not issue. An examination of the affidavits presented at the hearing of the motion fails to disclose any abuse of discretion on the part of the court in denying the appellant relief upon the ground of mistake, inadvertence, surprise, or excusable neglect. Indeed, it appears from the affidavit of petitioner's attorney that he was familiar with rule 27 and the requirement that the costs should be paid within thirty days, and while conversing with respondent's attorney as to

18 Cal. App.—30

paying the costs of the appeal, he expressed himself as being opposed to paying the same, he, nevertheless, on September 26, 1911, the day on which the appeal was taken, at petitioner's request, promised to pay the costs upon his client's promise to come to his office and pay them later; that petitioner's attorney, according to his affidavit, "fully intended to pay said costs and neglected to do so solely because of forgetfulness brought about by his physical condition," due to the fact that on September 28, 1911, he submitted to a minor surgical operation, and during all of the time from September 26th to November 4th worked under physical difficulties due to nervousness resulting from said operation, by reason whereof, according to the affidavit of the physician, "he suffered discomfort and distress which rendered him unable to properly attend to his business affairs." It further appears from a counter-affidavit filed, that on November 4th petitioner's attorney, in conversation with the attorney for respondent, assigned as a reason for noncompliance with said rule the fact that appellant had not paid to him the said costs, and that he personally refused to advance the same for his said client. Not only does it appear there was a conflict in the evidence as to the reason for appellant's neglect and failure to pay the costs necessary to perfect his appeal, but, even if uncontradicted, the showing made by appellant fails to exhibit facts upon which this court would be justified in holding the trial court abused its discretion in making the order complained of. The case of *Kraker* v. *Superior Court,* 15 Cal. App. 651, [115 Pac. 663], upon which petitioner relies, has no reference to the facts under review. It differs from this in the fact that the appeal there had been perfected in all respects as required by law within the time allowed therefor, whereas, in the case at bar, the appeal was not perfected by paying the fees required as a condition of filing the papers until after the expiration of the time prescribed therefor.

The writ is denied.

Allen, P. J., and James, J., concurred.