[Civ. No. 1383.    Third Appellate District.—April 19, 1915.]

## LOUIS L. LEAVELL, Petitioner, v. SUPERIOR COURT OF PLACER COUNTY et al., Respondents.

PLEADING—LEAVE TO ANSWER AFTER DEMURRER OVERRULED—DISCRETION OF COURT.—The superior court has legal authority to deny a defendant the privilege to file an answer after he has interposed a demurrer which has been overruled, subject, however, to review in case of arbitrary or unreasonable exercise of its discretion.

ID.—APPEAL FROM JUSTICES' COURT—DEMURRER TO AMENDED COMPLAINT—JUDGMENT ON MERITS WITHOUT PASSING ON DEMURRER—EXCEEDING JURISDICTION.—On an appeal from a justice's court where an amended complaint is filed and a demurrer and motion to strike out interposed, a judgment rendered on the merits which does not show an intention of the judge to overrule the demurrer and withhold from the defendant the privillege of filing an answer, is in excess of jurisdiction and should be annulled.

APPLICATION for a Writ of Certiorari originally made in the District Court of Appeal for the Third Appellate District to annul a judgment of the Superior Court of Placer County.

The facts are stated in the opinion of the court.

Hughes & Bradford, C. B. Harris, and Harry J. Gray, for Petitioner.

W. H. Carlin, and A. E. Clark, for Respondents.

BURNETT, J.—An action was originally commenced in the justice court of No. 10 township in Placer County by

the Placer County Grower's Canning Association against said Leavell to recover the amount of one call or installment alleged to be due upon a subscription to said association's capital stock, and plaintiff therein recovered judgment for the sum of fifty dollars. Thereafter said defendant appealed to the superior court of said county upon questions of both law and fact. Afterward, by permission of said court, the plaintiff filed an amended complaint. To this a demurrer was interposed and also a motion to strike out portions of said complaint. The record shows that the demurrer and motion to strike out came on regularly for hearing on April 16, 1914, and were ordered submitted on briefs. The briefs were filed and, on July 21, following, the court filed its decision which, as far as is in point, was as follows: "No reason is apparent why the contract subscribed by the defendant should not be enforced according to its terms. The contract is plain, distinct, lawful and in every way enforceable according to its import. Let judgment be entered in conformity with the prayer of the complaint." On the same day the judgment was entered as follows: "In accordance with and by virtue of an order made by this court in the above-entitled action on the 21st day of July, 1914, it is hereby ordered and adjudged that plaintiff, Placer County Growers' Canning Association, do have and recover of and from defendant, Louis L. Leavell, the sum of fifty dollars, together with plaintiff's costs and disbursements," etc.

It is the contention of petitioner that respondent had no authority to render judgment on the merits without having disposed of the demurrer. It is not disputed that the demurrer presented an issue of law which it was the duty of the court to determine and that the adjudication of that issue was a jurisdictional prerequisite to the determination of the cause upon its merits. It is, however, the claim of respondent that the order made by the court was in effect an order overruling the demurrer and denying defendant permission to answer and therefore within its jurisdiction.

That a superior court has legal authority to deny a defendant the privilege to file an answer after he has interposed a demurrer and it has been overruled, cannot be disputed. Section 472 of the Code of Civil Procedure provides that "when the demurrer to a complaint is overruled and there is no answer filed, the court may, upon such terms as may be just,

allow an answer to be filed." In *Borland* v. *Thornton,* 12 Cal. 440, the court below overruled a demurrer to the complaint and on proof made rendered judgment in favor of plaintiff, and appellant contended on appeal that he should have been allowed to put in an answer. The supreme court, however, Judge Field rendering the opinion, said: "The reply to the objection is found in the statute" (quoting the corresponding section of the Practice Act). "The allowance rests in the discretion of the court below, subject to review, of course, in case of its arbitrary or unreasonable exercise."

The trouble here is, though, that said order is entirely silent as to the demurrer. No reference is made to it and, although we may suspect that it was the intention of the learned trial judge to overrule said demurrer and withhold from defendant the privilege of filing an answer, such intention, if it existed, should have been expressed, we think, in the formal order. We can, of course, consider only the record as presented and we look in vain for any mandatory disposition of said issue of law. To hold that the language used was sufficient for the purpose would be to encourage an unwarranted invasion of the right of litigants to demand reasonable certainty in judicial proceedings to the end that prescribed methods of redress may not be obscured or destroyed and that complete justice may be effected.

It is, of course, no answer to say that the result would have been the same if the court had expressly overruled the demurrer and directed the default of defendant. The question is not what the final result would be, but, rather, whether the court has followed the steps required by the law in reaching that result.

While no case directly in point has been called to our attention, *Null* v. *Superior Court,* 4 Cal. App. 207, [87 Pac. 392], and *Kraker* v. *Superior Court,* 15 Cal. App. 651, [115 Pac. 663], are instructive as to the general principle involved. In the former it was held that "The superior court has no jurisdiction to try a case *de novo* on appeal from the justice court, where no issues of fact have been tried in the justice's court. If the only question presented is one of law as to the jurisdiction of the justice's court, it is the duty of the superior court to affirm or reverse the decision, and, if reversed, to remand the case for trial upon the issues of fact; and where it has improperly tried such an appeal *de novo* and rendered judg-

ment thereon, its judgment will be annulled upon *certiorari* if it is not made to appear that the judgment rendered was voluntarily paid by the defendant." In the latter case it was held that "Where a judgment rendered in the justice's court against the defendant was appealed by the defendant to the superior court on questions of law and fact, the dismissal of the appeal for want of prosecution by the appellant and the rendition of the judgment appealed from in favor of the respondent without trial, was in excess of the jurisdiction of the superior court, and its action will be annulled on *certiorari.*"

The conclusion we have reached leaves the cause pending in the trial court with the demurrer and motion to strike out undisposed of. If the decision as to these should be against defendant, no doubt the court will carefully consider the propriety of permitting him to file his answer; which, it appears, he sought leave to present after said judgment was rendered against him. If the court has reason to believe that he is acting in good faith, such permission, of course, ought to be granted that the cause may be fully tried upon its merits.

We think the said judgment should be annulled and it is so ordered.

Chipman, P. J., and Hart, J., concurred.