[Civ. No. 4996.   Second Appellate District, Division One.—January
28, 1925.]

## CALIFORNIA LAW AND ADJUSTMENT COMPANY, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] JUSTICE'S COURT APPEAL — FAILURE TO BRING TO TRIAL WITHIN YEAR—DISMISSAL OF APPEAL.—Under section 981a of the Code of Civil Procedure, as settled by decision based upon a consideration of the context and the purpose of the enactment, it is the duty of the superior court to dismiss any appeal from a justice's court (and not to dismiss the action) ''where the appealing party fails to bring such appeal to trial within one year from the date of filing such appeal in such superior court, unless such time be otherwise extended by a written stipulation by the parties to

1. See 15 Cal. Jur. 546.

the action filed with the clerk of the superior court to which the appeal is taken."

[2] ID.—SETTING CASE FOR TRIAL AFTER YEAR—EXTENSION OF TIME —ESTOPPEL.—While section 981a of the Code of Civil Procedure is mandatory in its requirement of dismissal of an appeal under the conditions stated therein, and to bring an appeal to trial is more than merely to cause it to be set for trial, if the action of the respondent at a time prior to the expiration of the year named in said statute in causing the case to be set for trial on a date after the expiration of the year is not the legal equivalent of a written stipulation on his part duly filed with the clerk, then at least he should be estopped to take advantage of the defect.

(1) 35 C. J., p. 812, n. 6.   (2) 35 C. J., p. 812, n. 6.

APPLICATION for a Writ of Mandamus to compel the dismissal of a Justice's Court appeal. Writ denied.

The facts are stated in the opinion of the court.

Earle P. Thompson for Petitioner.

CONREY, P. J.—On petition for writ of *mandamus,* to compel the dismissal of an appeal from a justice's court.

[1]   According to section 981a of the Code of Civil Procedure, added to that code by the legislature at its 1923 session, it becomes the duty of a superior court to dismiss any appeal from a justice's court, "where the appealing party fails to bring such appeal to trial within one year from the date of filing such appeal in such superior court, unless such time be otherwise extended by a written stipulation by the parties to the action filed with the clerk of the superior court to which the appeal is taken." The actual wording of the section is that all such *actions* must be dismissed; but it is settled by decision, based upon a consideration of the context and of the purposes of the enactment, that the dismissal referred to and intended is a dismissal of the appeal and not of the action. (*Meier* v. *Superior Court,* 67 Cal. App. 135 [227 Pac. 490, 493].)

The petitioner here shows that in September 1923, in a justice's court of Los Angeles township, it obtained judgment against one Hiro Kakiuchi, in the sum of $210.22; that the defendant appealed from said judgment on questions of

both law and fact; that the appeal papers were filed in the superior court on October 17, 1923; "that on the 3rd day of December, 1923, the attorney for petitioner caused said case to be set for trial in the respondent court on the 4th day of December, 1924." Petitioner further alleges that on December 4, 1924, when the case was called for trial, petitioner moved for dismissal of the appeal upon the ground that the defendant had failed to bring the appeal to trial within one year from the date upon which the appeal had been filed; that respondent court denied said motion, and the trial of said action then proceeded, and judgment was given in favor of the defendant.

Petitioner says that the appealing party failed to bring the appeal to trial within the required time limited by the statute, and that the time for trial was not otherwise extended by any written stipulation by the parties to the action filed with the clerk of the superior court. Upon these facts petitioner claims that he is entitled to a writ of mandate requiring that respondent court vacate its judgment rendered at the trial in the superior court, and dismiss the appeal from the justice's court.

[2] It must be conceded that the section 981a is mandatory in its requirement of dismissal of an appeal under the conditions stated therein; and that to bring an appeal to trial is more than merely to cause it to be set for trial. (*Boyd* v. *Southern Pac. R. R. Co.,* 185 Cal. 344, 346 [197 Pac. 58].)

Nevertheless we think that the writ ought not to issue. It was the petitioner himself who at the time prior to the expiration of the year named in the statute caused the case to be set for trial on December 4, 1924, which was after the expiration of the year. If such action on the part of the plaintiff, shown by the record of the court, and now admitted by him in his petition, is not the legal equivalent of a written stipulation on his part duly filed with the clerk, then at least petitioner should be estopped to take advantage of the defect.

It appearing to us that the petition does not show a right to the demanded relief, it is ordered that the said petition be denied, and the proceeding is dismissed.

Houser, J., and Curtis, J., concurred.