[Civ. No. 5218.    Second Appellate District, Division One.—November 2, 1925.]

CHARLES J. MIDDLEBROOK et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] JUSTICE'S COURT APPEAL—FAILURE TO BRING TO TRIAL WITHIN ONE YEAR—DISMISSAL.—The dismissal referred to and intended by section 981a of the Code of Civil Procedure, where an appeal from a justice's court is not brought on for hearing within one year from the date of the filing of such appeal in the superior court, is a dismissal of the appeal, and not a dismissal of the action.

[2] ID.—SELECTION OF DATE BEYOND YEAR—ACQUIESCENCE BY APPELLANT—ESTOPPEL.—Where the respondent on an appeal from a justice's court to the superior court does nothing more than to ask the latter court to set the case for trial, and the court selects a date beyond one year from the date of filing the appeal, the responsibility for calling the court's attention to the necessity for an earlier date is on the appellant, and where he does not do so he must be taken to have acquiesced in the date set; and the mere act of respondent in asking that the case be set for trial will not estop him from taking advantage of the defect.

---

(1) 35 C. J., p. 806, n. 79.    (2) 35 C. J., p. 806, n. 79, p. 810, n. 37.

APPLICATION for a Writ of Mandate to compel the Superior Court of Los Angeles County and Harry R. Archbald, Judge thereof, to vacate an order of dismissal of a Justice's Court appeal.    Petition denied.

---

1.  See matter supplementary to 15 Cal. Jur. 547, n. 19.

The facts are stated in the opinion of the court.

Benj. M. Stansbury for Petitioners.

CONREY, P. J.—On the twenty-second day of July, 1924, the petitioners herein appealed to the Superior Court of Los Angeles County from a judgment rendered against them as defendants in the justice's court of Los Angeles township. On September 18, 1924, the Industrial Loan & Investment Company, plaintiff in that action, duly presented to the court a motion to set the case for trial. That motion was made upon notice and also according to a stipulation between the parties "that said cause might be called for setting" at that time. Pursuant to said motion "and pursuant to said stipulation, the respondent superior court set the trial of said appeal for the 23rd day of September, 1925, in department 9 of said court." In August, 1925, upon motion of the plaintiff in that action, and solely upon the ground that the appeal had not been brought to trial within one year from the date of filing of the appeal, the appeal was dismissed. By reason of the dismissal so entered the Superior Court has refused to try the case.

The facts above stated appear in the petition for writ of mandate. Petitioners contend that in dismissing the appeal the Court acted in excess of its jurisdiction. Wherefore, they now by this proceeding seek to compel that Court to vacate the order of dismissal and proceed to try the cause upon its merits.

Section 981a of the Code of Civil Procedure provides for dismissals of appeals from justices' courts where not brought to trial within one year, in the following language: "No action heretofore or hereafter appealed from the justice court to the superior court, shall be further prosecuted, and no further proceedings shall be had therein, and all such actions heretofore, or hereafter appealed, must be dismissed by the court to which the same shall have been appealed, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, where the appealing party fails to bring such appeal to trial within one year from the date of filing such appeal in said superior court, unless such time be

otherwise extended by a written stipulation by the parties to the action filed with the clerk of the superior court to which the appeal is taken; . . . "

[1] The dismissal referred to and intended by the statute is a dismissal of the appeal, and not of the action. (*California Law & Adjustment Co.* v. *Superior Court,* 70 Cal. App. 767 [234 Pac. 408].) In the cited case this court had under consideration a petition for a writ of mandate to compel the superior court to dismiss an appeal, upon the ground that the appealing defendant had failed to bring the appeal to trial within the prescribed period of time. The petition showed that the petitioner itself, by its attorney, on a date less than one year from the time of taking the appeal had "caused said case to be set for trial in respondent court on the 4th day of December, 1924," which date was more than one year from the time when the appeal was filed. Therefore this court held that the Superior Court should not be required to dismiss the appeal. The respondent to the appeal, who was petitioner for the writ of mandate, had not only caused the case to be set for trial, but also had caused it to be set for a specified date, which date was after the expiration of the year. It was held here that if such conduct of said respondent to the appeal was not the legal equivalent of a written stipulation duly filed with the clerk (as mentioned in the statute), then at least there was an estoppel to take advantage of the defect.

Relying upon the decision of this court in *California Law & Adjustment Co.* v. *Superior Court, supra,* petitioner herein argues that the Superior Court, at the time of dismissal of the appeal, had not lost jurisdiction thereof, and that in ordering such dismissal that court exceeded its jurisdiction. But we do not think that this contention of petitioner should be sustained. [2] The plaintiff in the Superior Court (respondent to the appeal therein), did nothing more than ask the court to set the case for trial. The selection of a date beyond one year from the date of filing the appeal was an act of the court. It reasonably may be assumed that if, when the court announced its intention to delay the trial until the date named, the appellant had called to the court's attention the legal consequences of such delay, an earlier date would have been

chosen. (*Boyd* v. *Southern Pac. R. R. Co.,* 185 Cal. 344, 346 [197 Pac. ·58].) Under the provisions of section 981a of the Code of Civil Procedure, the responsibility for calling the court's attention to the necessity for an earlier date was on the appealing party, and since he did not do so, he must be taken to have acquiesced in the date set.

For the purposes of the present decision it is not necessary to express an opinion as to whether or not, in *California Law & Adjustment Co.* v. *Superior Court, supra,* the rule of estoppel there stated was properly applied to a case arising under the provisions of said section 981a of the Code of Civil Procedure. The parallel existing between the language of that section and sections 581a and 581b of the Code of Civil Procedure, was not in that case noticed or considered. Concerning these two sections, and their force in compelling dismissals under the specified conditions, see decision of this court in *Sauer* v. *Superior Court,* 74 Cal. App. 580 [241 Pac. 570].

The petition for writ of mandate is denied.

Houser, J., and Curtis, J., concurred.