[Civ. No. 5448. Second Appellate District, Division Two.—November 6, 1926.]

FRANK H. JOHNSON, Petitioner, v. THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, Respondent.

[1] APPEALS — JUSTICE'S COURT — DISMISSAL FOR WANT OF PROSECUTION — VALIDATION OF COURT RULE — STATUTORY CONSTRUCTION — CONSTITUTIONAL LAW.—The adoption, in 1923, of section 981a of the Code of Civil Procedure, providing that an appeal from a justice's court must be dismissed if the "appealing party" fails to bring such appeal to trial within one year from the date of filing the appeal, and containing the proviso that any superior court may, by "existing rule" or by rule hereafter to be enacted, provide for dismissal of such appeal within a time less than one year, had the effect of validating and making effective a superior court rule theretofore regularly adopted, and which provided for the dismissal of a justice's court appeal where the appealing party failed to have the cause placed on the trial calendar within thirty days, notwithstanding such superior court rule was theretofore ineffective for want of legal authority for its existence, and such code section was not invalid as special legislation.

---

(1) 12 C. J., p. 1091, n. 4; 15 C. J., p. 901, n. 9, 12, p. 904, n. 20 New, p. 907, n. 77; 36 Cyc., p. 969, n. 91, p. 1012, n. 58, p. 1013, n. 64.

PROCEEDING in Mandamus to compel the Superior Court of San Bernardino County, to reinstate a Justice's Court appeal and try the same.    Writ denied.

The facts are stated in the opinion of the court.

Earle D. Finch for Petitioner.

Martin J. Coughlin for Respondent.

WORKS, P. J.—The petition alleges that E. M. Ragan commenced an action against petitioner in a justice's court and had judgment; that petitioner then prosecuted an appeal to respondent court; and that the appeal was dismissed by respondent court, about two months after it was perfected, because of a noncompliance with one of respondent's rules of court.  [1]  The rule in question was attempted to be adopted in 1921, and provided that an appeal might be dismissed for a failure to prosecute it or for unnecessary delay in bringing it to a hearing; that upon the failure of the appellant to have the cause placed upon the trial calendar within thirty days after the receipt by the clerk of the papers necessary to perfect the appeal the respondent might pay the clerk's costs, have the cause placed on the trial calendar, and, after notice, have the appeal dismissed; and that a failure to have an appeal placed on the calendar within the thirty days specified would be deemed a "failure to prosecute" as that expression is employed in the early part of the rule. The petition asks for the writ of mandate to compel respondent court "to reinstate said appeal and try said action." We issued the alternative writ. The return is by general demurrer.

Petitioner contends that the attempted dismissal of the appeal was ineffective and that the rule of court was void under the decision in *Kraker v. Superior Court,* 15 Cal. App. 651 [115 Pac. 663], decided in 1911, ten years before respondent went through the process, formally, of adopting its rule. Respondent insists that if the rule was ineffective for a time, under the law as announced in the case cited, it became operative upon the passage of section 981a of the Code of Civil Procedure, a new section added to the code in 1923, and that the dismissal of the appeal was therefore

proper. In *Kraker* v. *Superior Court* an order of the respondent court dismissing an appeal was held invalid because the order was based upon the erroneous assumption that it was the duty of an appealing defendant to press an appealed cause to hearing. Under the state of the law at that time it was the duty of the plaintiff in such a cause to bring it on for trial.

Section 981a provides, in effect, that an appeal from a justice's court must be dismissed if the "appealing party fails to bring such appeal to trial within one year" from the date of filing the appeal (*Middlebrook* v. *Superior Court,* 75 Cal. App. 35 [241 Pac. 914]), and the enactment also contains the proviso "that any superior court may, by existing rule or by rule hereafter to be enacted, provide for dismissal of such appeal within a time less than one year."

The question to be decided is whether the rule of respondent court, "adopted" long before section 981a became a law, was made effective upon the passage of that enactment, granting that it was invalid before that time for the reason that it penalized an appealing defendant for his failure to press an appealed cause for trial. The proviso in the section is designed, principally, to permit superior courts, by rule, to provide for dismissals after the lapse of a time less than the year contemplated by the section, but we think there is shown in the enactment a plain legislative intent to authorize rules providing for dismissals where appealing defendants do not bring causes on for trial, conceding that such a rule would have been inoperative before the passage of the section under the decision in *Kraker* v. *Superior Court* to the effect that a certain order was invalid. The earlier part of section 981a, as quoted above, fastens upon the appealing defendant the duty to force an appealed action to trial, and it must be that by the proviso contained in the section the legislature intended not only to authorize superior courts to provide by rule for dismissals within a period less than a year, but to allow them to base a provision for such dismissals upon the very dereliction denounced by the statute itself—the failure of an appealing defendant to bring forward the appealed cause for trial. Such a view seems necessary in order to make the proviso completely effective and to fit rules of court to the general purpose of the statute.

Petitioner contends that the rule of respondent court was not, at the time of the passage of section 981a, an "existing rule," as that term is employed in the proviso contained in the enactment, for the reason that it was at that moment, and had been ever since its attempted adoption, invalid under the law as stated in *Kraker* v. *Superior Court.* We think this ground is not tenable. It is obvious that the section was intended to breathé life into something that had not before its passage a legal existence. The phrase "existing rule" plainly was not intended, as it seems to us, to contemplate a rule that was legally operative. A rule that was fully available for use, one that had not the decision in *Kraker* v. *Superior Court,* for instance, standing in its way, needed not the mandate of the legislature to give it life. We think the proviso contemplated rules which the courts had gone through the motions of adopting—rules which had an apparent existence on paper, but which were ineffective for want of legal authority for their existence. As section 981a removed the very ground of objection which petitioner founds upon *Kraker* v. *Superior Court,* we think the proviso contained in it operated to make the "rule" of respondent court operative. The fact that *Kraker* v. *Superior Court* was decided long before the rule was "adopted" has no effect upon these views. That case did not make the law, but merely declared it. The situation, so far as the invalidity of the rule of court before the passage of section 981a is concerned, would have been the same if *Kraker* v. *Superior Court* had been decided between 1921 and 1923, instead of in 1911, or if it had never been decided. The rule of law announced in the decision, if it stood in the way of the rule of court at all, did so because it was a continuing rule of law, not because it was stated by the court in a particular case. If it, or other rules of law, operated forever to throttle rules of court which were attempted to be adopted before 1923, we do not perceive how the phrase "existing rule," in the proviso contained in section 981a, could have had any application or could have performed a useful purpose. Under such a view there could be no rule of court to which the expression "existing rule" could attach.

Petitioner cites *Hanson* v. *McCue,* 43 Cal. 178, to the proposition that rules of court must be construed as statutes are to be construed, and argues from this premise that such

rules may not be made effective in the manner attempted by the legislature in the proviso contained in section 981a. We are not here called upon to construe a rule of court, and the case cited is not therefore of assistance to us. The question remains, however, whether an "existing" rule of court, previously inoperative, could be made effective by the language employed in the proviso. We think the point is not one of great difficulty. While it is well· settled that courts have the inherent power to prescribe rules regulating the practice before them, especially to the extent that the subject has not been covered by statute (7 Cal. Jur. 621, sec. 34), the matter is essentially one for the attention of the legislature (15 Cal. Jur. 901, 902). In this state the subject has not been covered by statute (7 Cal. Jur. 621, sec. 34), the matter is essentially one for the attention of the legislature (15 Cal. Jur. 901, 902). In this state the subject is regulated by the terms of section 129 of the Code of Civil Procedure, which reads, in part: "Every court of record may make rules not inconsistent with the laws of this state, for its own government and the government of its officers." It was, of course, proper for the law-making body to vary this provision to the extent indicated by the proviso contained in section 981a, unless the language referring to "existing rules" is so uncertain as to be ineffective, or is violative of some inhibition of the organic law. We think the phrase quoted is not ineffective for uncertainty, and what we have said above as to the meaning of the expression bears somewhat upon that question. The language of the proviso points out sufficiently the subject matter upon which it is to operate. The meaning of the expression being sufficiently plain, it does not, in our opinion, infringe any mandate or inhibition of the constitution. The proviso in section 981a does nothing more than validate rules which before its enactment were invalid. The legislature frequently, and beyond the possibility of tenable objection, passes validating laws upon a variety of subjects. It is said in one case: "In the absence of constitutional restrictions the power of the legislature to validate past transactions which it could have authorized in advance is restrained only by the necessity of protecting vested rights" (*City of Redlands* v. *Brook,* 151 Cal. 474 [91 Pac. 150]). Plainly, the legislature might have authorized, in advance, the rule of respondent court which

is now brought in question. Nor can we see any vested right which was imperiled by the attempted resuscitation of the still-born rule of court. Other instances of the exercise by the legislature of the power to validate past acts or transactions are dealt with in *City of Sacramento* v. *Adams,* 171 Cal. 458 [153 Pac. 908], *Los Angeles F. C. District* v. *Hamilton,* 177 Cal. 119 [169 Pac. 1028], and *Cole* v. *City of Los Angeles,* 180 Cal. 617 [182 Pac. 436]. In our opinion the legislation incorporated in the proviso in section 981a shows a proper exercise of the power.

Petitioner contends that the proviso applies especially to respondent court and that it is therefore invalid as special legislation. The point is without merit. Section 981a, in its entirety, applies to superior courts generally.

Demurrer sustained. The alternative writ of mandate is vacated and a peremptory writ is denied.

Craig, J., and Thompson, J., concurred.