[Civ. No. 5370. Second Appellate District, Division Two.—November 22, 1926.]

H. BERNARD ABBOTT, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] JUSTICE'S COURT—APPEAL—SETTING OF CAUSE BEYOND STATUTORY PERIOD—ACTION OF NONAPPEALING PARTY—STIPULATION—ESTOPPEL —DISMISSAL.—On an appeal from a judgment of the justice's court, the fact that the nonappealing party caused the appealed cause to be set for appeal in the superior court for a date more than one year after the perfecting of the appeal neither amounted to a written stipulation nor operated as an estoppel precluding the dismissal of the appeal under section 981a of the Code of Civil Procedure.

(1) 35 C. J., p. 805, n. 60.

PROCEEDING in Mandamus to compel the Superior Court of Los Angeles County to proceed with trial of appeal from Justice's Court. W. C. Doran, Judge. Writ denied.

The facts are stated in the opinion of the court.

William G. Randall and Mart Coles for Petitioner.

Frank J. McDougal for Respondents.

WORKS, P. J.—Petitioner was defendant in a certain action in the justice court. Judgment was there rendered

against him and he prosecuted an appeal to respondent Superior Court. The appeal was perfected on March 10, 1925. Thereafter upon the application of the plaintiffs in the action, after written notice of motion, respondent court set it down for trial on April 30, 1926. The plaintiffs moved the court, on March 30, 1926, after due notice of motion, to dismiss the appeal on the ground that the appealing party had not brought the action on for trial in respondent court within one year, as required by section 981a of the Code of Civil Procedure, and thereupon the appeal was ordered dismissed. On April 30, 1926, the day upon which the action had been set down for trial in respondent court the defendant, petitioner here, appeared before the court and demanded that the trial proceed. Respondent court refused the demand and ordered the cause stricken from the calendar. Thereupon petitioner presented to this court his petition in this proceeding for the purpose of requiring respondent to proceed with the trial and we issued an alternative writ. Respondents have made no return to the writ, although they have been permitted to brief the points involved in the proceeding.

Section 981a of the Code of Civil Procedure contains the provision that an appeal must be dismissed where the appealing party has not brought the appealed cause to trial within a year (*Reynolds* v. *Superior Court,* 69 Cal. App. 445 [231 Pac. 354]), "unless such time be otherwise extended by a written stipulation by the parties to the action. . . ."

A question similar to the one here presented was recently before another division of the district court of appeal. It was then determined that when a cause is appealed to the superior court and is set down for trial upon the application of the nonappealing party for a date more than one year after the date upon which the appeal was perfected, such action upon the part of the nonappealing party, if it does not amount to a stipulation waiving the requirement of section 981a, estops that party to avail himself of the requirement. See *California L. & A. Co.* v. *Superior Court,* 70 Cal. App. 767 [234 Pac. 408]. At the time when this decision was rendered the cause of *Miller & Lux* v. *Superior Court,* 192 Cal. 333 [219 Pac. 1006], apparently was not called to the attention of the court.

The latter cause arose under section 583 of the Code of Civil Procedure, which provides for a dismissal of actions when the plaintiffs have not brought them to trial within five years after answer filed, "except where the parties have stipulated in writing that the time may be extended." The supreme court in the case last cited expressed views as to the effect of section 583 which we think are inconsistent with the conclusion reached in *California L. & A. Co.* v. *Superior Court.* [1] We think the fact that in the present instance the nonappealing party caused the appealed cause to be set for trial for a date more than a year after the perfecting of the appeal neither amounted to a written stipulation nor operated as an estoppel. Before reaching this conclusion we have examined *Swim* v. *Superior Court,* 193 Cal. 539 [226 Pac. 2].

The alternative writ of mandate is vacated and a peremptory writ is denied.

Craig, J., concurred.

Thompson, J., being disqualified, did not participate in the foregoing decision.