[Civ. No. 4826.   Third Appellate District.—December 7, 1932.]

ANDY KILKER, Petitioner, v. THE SUPERIOR COURT OF SOLANO COUNTY et al., Respondents.

Brantley W. Dobbins for Petitioner.

Thomas J. Horan for Respondents.

PLUMMER, J.—This matter is before us upon an application of the above-named petitioner for a writ of mandate directing the respondent to enter an order of dismissal in a certain action pending in said court wherein the above-named petitioner is plaintiff and Albert Casper is defendant, in which action the petitioner had judgment against said Casper in the sum of $158.49 as principal and $6.25 costs, in the Justice's Court of the City of Vallejo, on the twenty-ninth day of April, 1931, and thereafter appealed to the Superior Court of the State of California, in and for the County of Solano, and now known in said last-mentioned court as civil action No. 11,161.

The record shows that the appeal in said action from the Justice's Court of the City of Vallejo was perfected on

the twelfth day of May, 1931, and the papers constituting the appeal filed with said Superior Court in said action on said date. The record shows that thereafter the cause was set for trial on Wednesday, the third day of February, 1932, at 10 o'clock of said day; that at the request of the plaintiff the order setting the cause for trial was vacated, and the cause dropped from the calendar; thereafter, and on the seventeenth day of May, 1932, the defendant filed a memorandum motion for the setting of said cause for trial; that thereafter, and on the twenty-fourth day of June, 1932, before said cause had been set for trial, the plaintiff filed and served his notice of motion and motion to dismiss the appeal on the ground that the cause had not been brought on for trial within one year after the perfecting of the appeal therein; that on the fifth day of July, 1932, the motion came on for hearing; thereafter, on the nineteenth day of October, 1932, said Superior Court (Honorable W. T. O'Donnell presiding) made and entered its order denying the plaintiff's motion to dismiss the appeal.

The record shows some controversy between counsel for the defendant and counsel for the plaintiff relative to the setting of the cause for trial, and affidavits were filed in the Superior Court by counsel for the plaintiff, and also for the defendant. A reading of these affidavits discloses that no written stipulations were entered into, and that whatever agreements or understandings may have been had between counsel for the respective parties, such agreements or stipulations, if any, were purely oral. An examination of the affidavits also discloses no legal basis for the plea of estoppel. Section 981a of the Code of Civil Procedure reads as follows ''No action heretofore or hereafter appealed from the Justice's Court to the Superior Court shall be further prosecuted, and no further proceedings shall be had therein, and all such actions heretofore or hereafter appealed must be dismissed by the court to which the same have been appealed, on its own motion or on the motion of any party interested therein, whether named in the complaint as a party or not, where the appealing party fails to bring such appeal to trial within one year from the date of filing such appeal in said Superior Court, unless such time be otherwise extended by a written stipulation by the parties to the action filed with the clerk of the Superior Court to

which the appeal is taken," etc. Where no written stipulation is entered into extending the time of trial, the section which we have quoted is mandatory and the trial court has no discretion to deny the motion.

Under the circumstances disclosed by the record in this case the trial court was in duty bound to grant the motion for dismissal. This question has been decided so many times that we do not need to enter into a discussion of the different cases, but will simply content ourselves with the citation of a few of them holding that it is the legal duty of the trial court to enter an order of dismissal, and that *mandamus* is a proper proceeding to require the trial court to make and enter such order. 15 California Jurisprudence, page 547, where the text reads: "Under section 981a of the Code of Civil Procedure, as adopted in 1923, the Superior Court must dismiss the action in case of delay of one year in bringing it to trial." *Abbott* v. *Superior Court,* 79 Cal. App. 746 [251 Pac. 221], quoting from the syllabus, reads: "On an appeal from a judgment of the Justice's Court, the fact that the nonappealing defendant caused the appealed case to be set for trial in the Superior Court for a date more than one year after the perfecting of the appeal neither amounted to a written stipulation, nor operated as an estoppel precluding the dismissal of the appeal under section 981a of the Code of Civil Procedure." In the instant case the notice of motion to set the case for trial, dated May 17, 1932, was more than one year after the date of the perfection of the appeal in that cause.

In *Cruse* v. *Superior Court of Los Angeles,* 102 Cal. App. 290 [283 Pac. 73], the court, in construing section 583 of the Code of Civil Procedure relating to dismissal of actions for want of prosecution, which section is identical in its mandatory provisions to section 981a of the Code of Civil Procedure, held as follows, quoting from the syllabus: "The language of section 583 of the Code of Civil Procedure relating to dismissals of actions which have not been brought to trial within five years after the answer has been filed, does not admit of construction or the exercise of any discretion on the part of the trial court, and upon the lapse of the prescribed period of five years, the dismissal of the action is mandatory." The opinion in the Cruse case cites a

number of authorities supporting the mandatory character of the sections relating to dismissals of actions.

In *Swim* v. *Superior Court*, 193 Cal. 539 [226 Pac. 2], we find the following, quoting from the syllabus: "A verbal stipulation to the effect that future proceedings in an action appealed from the Justice's Court to the Superior Court should be indefinitely postponed is insufficient to meet the provision of section 981a of the Code of Civil Procedure requiring a written stipulation filed with the clerk of the Superior Court for the purpose of extending the time therein provided for bringing the case to trial."

In the recent case of *Mercantile Development Co.* v. *Superior Court*, █(Cal. App.) 14 Pac. (2d) 314, it is held that oral understandings are not within the protection of the provisions of said section in such cases (referring to section 583 of the Code of Civil Procedure). See, also, the recent case of *Barry* v. *Learner*, 113 Cal. App. 651 [299 Pac. 82].

Under section 981a of the Code of Civil Procedure and the authorities which we have cited, the trial court had no authority to enter an order other than that of dismissal, pursuant to the plaintiff's motion made in said cause.

It is therefore ordered that a writ of mandate issue herein directing said court and the Honorable W. T. O'Donnell as the judge thereof, to make and enter an order dismissing the appeal in action No. 11,161 pending in said Superior Court in which Andy Kilker is named as plaintiff and Albert Casper, manager, etc., is named as defendant.

Pullen, P. J., and Thompson (R. L.), J., concurred.