RAQUEL MORALES, Plaintiff and Appellee, *v.* RAFAEL TORRES RAMIS ET AL., Defendants and Appellants.

No. 7188. Argued December 16, 1935.—Decided December 20, 1935.

*G. Cruzado Silva* for appellant Iglesias Silva. *R. Díaz Collazo,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Raquel Morales brought an action of debt against Rafael Torres Ramis, Matilde M. de Torres, and Santiago Iglesias Silva. The action was based on a promissory note, which was transcribed in the complaint, and subscribed by the three defendants, acknowledging that they owed the plaintiff a certain sum. The defendant Santiago Iglesias Silva interposed a demurrer to the complaint on the ground that the same did not state facts sufficient to constitute a cause of action. Thereupon the plaintiff moved for judgment in her favor because such demurrer was clearly frivolous. The defendant-appellant, who did not appear at the hearing of the demurrer, upon learning of the plaintiff's

motion opposed the same by alleging that judgment on the pleadings should not be rendered because he would thus be precluded from setting up good defenses in answering the complaint. The lower court rendered judgment against the defendant upon the following grounds:

"This is an action of debt which originated in a promissory note subscribed by the three defendants. The complaint is verified. The defendant Santiago Iglesias Silva has appeared in the suit and filed a demurrer to the complaint for want of facts sufficient to constitute a cause of action. The other two defendants are in default. The plaintiff moved the court to set a day for hearing the demurrer. On the day set, the plaintiff appeared before the court through her attorney and submitted the demurrer of the defendant Santiago Iglesias Silva and by a written motion requested that final judgment be rendered, since the ground for the demurrer was clearly frivolous, and had no other purpose than to delay as much as possible the proceedings in this action.

"We have examined the complaint, which must be considered as true in its entirety for the purposes of the demurrer. As we said before, a complaint in a suit to recover on a promissory note is involved, and it is duly sworn. In our opinion, the complaint sets forth all the necessary elements for this kind of actions. Although the defendant Silva states that he objects to the entry of a judgment on the pleadings, it is not on the merits of the pleadings that the court will render judgment, but, as there is involved the enforcement of an obligation which is copied in the complaint, and the latter is duly verified, on the authority of the cases of *Mora* v. *Rivera et al.*, 25 P.R.R. 457, and *Muñiz* v. *El Zenit*, 27 P.R.R. 27, the court, considering as frivolous the ground for demurrer urged, adjudges as follows: (1) To overrule in all its parts the demurrer for insufficiency of the complaint, and (2) to sustain the complaint with all the pronouncements therein prayed for."

An appeal from that judgment having been taken by the defendant Santiago Iglesias Silva, the plaintiff now asks that the appeal be dismissed as frivolous. There is no doubt that the complaint states facts sufficient to constitute a cause of action. The obligation contracted by the defendants is set forth therein, and it is averred that notwithstanding the demands made upon them, they have failed to discharge the

contracted obligation. The lower court was correct in characterizing the demurrer filed as frivolous and dilatory.

The judgment rendered upon overruling the demurrer was based on a doctrine laid down by this court. In *Mora* v. *Rivera et al.*, 25 P.R.R. 457, it was held that where a defendant does not appear on the day set for the hearing on his demurrer interposed on the ground that the complaint did not state facts sufficient to constitute a cause of action, a motion by the plaintiff that the court overrule the demurrer and give judgment against the defendant is in order and should be sustained if the demurrer is frivolous and the complaint states a cause of action.

This doctrine is supported by the jurisprudence of California. In *Barron* v. *Deleval*, 58 Cal. 95, 97, in construing section 472 of the Code of Civil Procedure of California, equivalent to section 139 of our code, the following was said:

"By section 472 of the Code of Civil Procedure, it is provided that 'when a demurrer to a complaint is overruled, and there is no answer filed, *the Court may*, upon such terms as may be just, allow an answer to be filed;' and in the case of *Seale* v. *McLaughlin*, 28 Cal. 672, the Court say: 'There was no error in entering judgment for want of an answer upon the overruling of the demurrer. "When a demurrer to a complaint is overruled, and there is no answer filed, the Court may, upon such terms as may be just, and upon payment of costs, allow an answer to be filed." But it does not follow that it must in all cases be done. Ordinarily, the Court should doubtless allow an answer to be filed where the demurrer has been interposed in good faith, with some ground for supposing that it would be sustained. But in this case no leave was asked to file an answer, and the demurrer was manifestly frivolous, and confessedly put in to obtain time, without any intention to rely upon it. Under the circumstances there was, it is true, no improper use intended or attempted to be made of it by the attorneys who put it in. But there was no error in entering judgment upon overruling the demurrer thus interposed.' "

In *Leavell* v. *Superior Court*, 27 Cal. App. 191, it was held that a superior court had legal authority to deny a defendant the privilege to file an answer after he had inter-

posed a demurrer which had been overruled, subject, however, to review in case of arbitrary or unreasonable exercise of its discretion.

The same doctrine was upheld in *Thornton* v. *Borland*, 12 Cal. App. 439, 440, where the following was said:

"The exercise of the power must in a great degree depend upon the special circumstances of each case, and be so governed as to prevent delays and to promote justice."

█ In the instant case, the defendant-appellant presented no reason to the court below tending to show the merits of any defense he might set up. He merely said that if judgment were rendered, he would be precluded from adducing good defenses in his answer, but he did not say in what they consisted. In his objection to the motion to dismiss the appeal, the defendant claims that from the face of the contracted obligation, no rate of interest whatsoever appears to be stipulated. That is true, but the payment of annual interest after maturity was expressly agreed, and it was further stipulated that interest would be paid on accrued interest. It is clear that if the defendants bound themselves to pay interest and the rate thereof was not stipulated, interest at the legal rate, which is 6 per cent, must be paid. The original obligation amounted to $654. One hundred dollars thereof were paid. We have computed the interest, according to what was stipulated, on the basis of the $654, and it shows a sum greater than the one claimed in the complaint on that account. We have also made the computation on the basis of $554, from the date of maturity of the obligation to the date on which the complaint was filed, and a small excess of $6, which the defendants probably owe, appears to be claimed. It all depends on the date on which the partial payment of $100 of the principal obligation was made. The computation is made in accordance with what was stipulated as regards the interest. There is no reason whatsoever for sustaining the appeal taken. The

complaint filed was sworn to by the plaintiff. The defendant-appellant has not shown, either before the lower court or before us, that he has a good defense against the plaintiff's claim. The frivolousness of the demurrer interposed brought about the judgment rendered by the lower court. Similarly, the appeal taken by the defendant-appellant must be dismissed as being frivolous.