[L. A. No. 15905.   In Bank.—November 19, 1936.]

E. E. EMERSON, Petitioner, v. THE SUPERIOR COURT OF KERN COUNTY et al., Respondents.

Matthew S. Platz for Petitioner.

Coker F. Rathbone for Respondents.

EDMONDS, J., *pro tem.*—Petitioner by this proceeding seeks to compel the superior court to vacate an order of dismissal and to proceed with the trial of an action on appeal from the justice's court.

On December 27, 1934, petitioner appealed to the superior court from a judgment entered against him in the justice's court. Within one year thereafter, the parties entered into a written stipulation "that the trial of the above entitled action now set in the above court for November 1, 1935, shall go off-calendar on said date and be re-set upon the said court's calendar at its earliest convenience". On November 1st when the case was called for trial the court made an order that "said cause be placed at the foot of the calendar to be re-set for trial". In February, 1936, more than one year after the appeal was filed, the case was set for trial in March, but before that time respondent moved the court for a dismissal of the action. This motion was granted.

█ Section 981a of the Code of Civil Procedure provides that an action on appeal from the justice's court

"must be dismissed" where the appealing party fails to bring the appeal to trial within one year from the date of filing thereof in the superior court "unless such time be otherwise extended by a written stipulation by the parties to the action filed with the clerk of the superior court. . . . " This provision is mandatory. It does not admit of construction and a trial court may not exercise any discretion where the time fixed by the section has elapsed. In the absence of a written stipulation any action not brought to trial within the statutory period must be dismissed. (*Kilker* v. *Superior Court*, 128 Cal. App. 80 [16 Pac. (2d) 811].)

Petitioner contends that the written stipulation by which it was agreed that the case "shall go off-calendar . . . and be re-set upon the said court's calendar at its earliest convenience" extended the period within which it might be tried. To this we cannot agree. A review of the authorities construing section 981a of the Code of Civil Procedure and similar statutes shows that nothing short of a written stipulation extending in express terms the time of trial to a date beyond the statutory period, or expressly waiving the right to move for a dismissal will toll the running of the statutory time. (*Pacific Gas Radiator Co.* v. *Superior Court*, 70 Cal. App. 200 [232 Pac. 995]; *Miller & Lux* v. *Superior Court*, 192 Cal. 333 [219 Pac. 1006]; *Prudential Ins. Co.* v. *Superior Court*, 117 Cal. App. 528 [4 Pac. (2d) 294]; 6 Cal. Jur. Supp., pp. 679 et seq., sec. 136.) A stipulation for a continuance for an indefinite period, or an agreement that the cause "go off-calendar" to be reset at the court's convenience does not meet the requirements.

Petitioner cites *Mercantile Inv. Co.* v. *Superior Court*, 218 Cal. 770 [25 Pac. (2d) 12]. But in that case the court held that the stipulation for a continuance was not determinative of the proceeding. An amended pleading had been filed which started the running of the time anew, and the case had been partially tried.

The further contention of petitioner that respondent's joinder in the stipulation constituted a waiver of the advantage of having his case tried within one year and created an equitable estoppel, cannot be sustained. A waiver by equitable estoppel may not be relied upon in

cases of this character as a substitute for the required written stipulation. (*Miller & Lux* v. *Superior Court, supra; Abbott* v. *Superior Court,* 79 Cal. App. 746 [251 Pac. 221]; *Middlebrook* v. *Superior Court,* 75 Cal. App. 35 [241 Pac. 914]; 6 Cal. Jur. Supp., sec. 137, pp. 682, 683.)

As the written stipulation here considered does not meet the requirements for one extending time under section 981a, *supra,* the order of dismissal was proper.

The alternative writ is discharged and the petition is denied.

Shenk, J., Curtis, J., Langdon, J., Thompson, J., and Waste, C. J., concurred.