[Civ. No. 11447. First Appellate District, Division Two.—September 16, 1940.]

WILLIAM NOWACK, Petitioner, v. THE SUPERIOR COURT OF SAN MATEO COUNTY et al., Respondents.

Meurice Swim and Joseph A. Branson for Petitioner.

Theodore M. Stuart and J. E. McCurdy for Respondent.

NOURSE, P. J.—Petitioner seeks a writ of *mandamus* requiring the respondent to dismiss an appeal from a judgment of the justice's court. The facts are not in dispute upon any material matter. On January 26, 1938, petitioner as plaintiff commenced an action in the justice's court against Barbara H. Clark to recover damages for injuries to personal property. He recovered judgment for $80.56 from which the defendant appealed on Febuary 27, 1939. Upon motion of the appellant said cause was set for trial on July 6, 1939, before the respondent court, and, after numerous continuances, was dropped from the calendar by order of said court. On January 26, 1940, counsel for defendant and appellant had the cause again set for trial for February 13, 1940. Prior to said date, upon request of counsel for defendant and appellant, the parties stipulated in writing that the trial should be continued until February 26, 1940. On the latter day counsel for both parties met in another department of the superior court and, it appearing that February 26th was a day set aside for the hearing of law and motion matters, the respondent asserts that they orally agreed to continue the trial for two weeks and counsel for defendant and appellant notified the clerk of the department in which said case was pending that said cause should be marked continued for two weeks upon agreement of counsel. This oral agreement is disputed by counsel for petitioner herein. The cause was not tried on February 26, 1940, nor within two weeks thereafter and on April 1, 1940, the respondent therein and petitioner here presented his motion to dismiss the appeal because of the appellant's failure to bring the cause for trial within one year from the date of filing notice of appeal.

This motion was denied after a hearing which disclosed no other facts material to this proceeding.

■ It should be noted at this point that the time within which the appeal should have been heard expired February 27, 1940; that the written stipulation extended the time of trial to February 26th, which was within that period; that no written stipulation was made continuing the time beyond the statutory period; and that the disputed oral stipulation agreeing to a continuance of two weeks was not complied with by the appellant.

The rules of law controlling the decision herein are not open to further controversy. The statute applicable, section 981a of the Code of Civil Procedure, reads: "No action or order heretofore or hereafter appealed from the Justice Court to the Superior Court, shall be further prosecuted, and no further proceedings shall be had therein, and all such actions or orders heretofore, or hereafter appealed, must be dismissed by the court to which the same shall have been appealed, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, where the appealing party fails to bring such appeal to trial within one year from the date of filing such appeal in said Superior Court, unless such time be otherwise extended by a written stipulation by the parties to the action filed with the clerk of the Superior Court to which the appeal is taken; . . ."

"The stipulation provided for in the exception must be in writing and it must clearly and definitely appear therefrom that the statutory time was deliberately intended to be extended by both parties." (*Bank of America* v. *Superior Court*, 22 Cal. App. (2d) 450, 452 [71 Pac. (2d) 296]; *Swim* v. *Superior Court*, 193 Cal. 539, 542 [226 Pac. 2]; *Emerson* v. *Superior Court*, 7 Cal. (2d) 685, 686 [62 Pac. (2d) 363]; vol. 6, Cal. Jur., Ten-Year Supp., p. 681.)

The expression of the Supreme Court in *Emerson* v. *Superior Court, supra,* so clearly covers the question of the need of a written stipulation, as well as the question of equitable estoppel raised by respondent herein that we quote at length from the decision.

"Petitioner contends that the written stipulation by which it was agreed that the case 'shall go off-calendar . . . and be re-set upon the said court's calendar at its earliest conve-

nience' extended the period within which it might be tried. To this we cannot agree. A review of the authorities construing section 981a of the Code of Civil Procedure and similar statutes shows that nothing short of a written stipulation extending in express terms the time of trial to a date beyond the statutory period, or expressly waiving the right to move for a dismissal will toll the running of the statutory time. (*Pacific Gas Radiator Co.* v. *Superior Court,* 70 Cal. App. 200 [232 Pac. 995] ; *Miller & Lax, Inc.,* v. *Superior Court,* 192 Cal. 333 [219 Pac. 1006] ; *Prudential Ins. Co.* v. *Superior Court,* 117 Cal. App. 528 [4 Pac. (2d) 294] ; 6 Cal. Jur. Supp., pp. 679 et seq., sec. 136.) A stipulation for a continuance for an indefinite period, or an agreement that the cause 'go off-calendar' to be reset at the court's convenience does not meet the requirements.''

''The further contention of petitioner that respondent's joinder in the stipulation constituted a waiver of the advantage of having his case tried within one year and created an equitable estoppel, cannot be sustained. A waiver by equitable estoppel may not be relied upon in cases of this character as a substitute for the required written stipulation. (*Miller & Lux, Inc.,* v. *Superior Court, supra; Abbott* v. *Superior Court,* 79 Cal. App. 746 [251 Pac. 221] ; *Middlebrook* v. *Superior Court,* 75 Cal. App. 35 [241 Pac. 914] ; 6 Cal. Jur. Supp., sec. 137, pp. 682, 683.)''

Let a peremptory writ of mandate issue as prayed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 16, 1940, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 7, 1940. Carter, J., voted for a hearing.