[L. A. No. 1519.    Department Two.—September 7, 1904.]

.IAM W. TIFFIN, Respondent, v. GEORGE W. 'UMMINGS and KATE L. S. CUMMINGS, his wife, Appellants.

.IAL—REFUSAL OF CONTINUANCE—DISCRETION.—Held, in view of all the facts in this case, that there was no abuse of discretion in refusing a motion for a continuance made on the day of trial without previous notice, for absence of attorneys for the defendant, and their inability to prepare for trial, without a sufficient showing of reasons, diligence, or good faith.

ID.—FACTS TO BE CONSIDERED.—The trial court had the right to consider and act in view of the time that had expired since the commencement of the action, the kind of answer that had been filed, and the generalities contained in the affidavit for a continuance.

APPEAL from a judgment of the Superior Court of Kern County.   J. W. Mahon, Judge.

The facts are stated in the opinion.

Anderson & Kaye, for Appellants.

John W. Kemp, for Respondent.

COOPER, C.—This action was brought to foreclose a chattel mortgage given to secure a promissory note made by defendants for the sum of two thousand dollars. Plaintiff had judgment, from which defendants prosecute this appeal, and make the sole point that the court abused its discretion in refusing to grant their motion for a continuance.

We have carefully examined the record and find no abuse of discretion in the order of the court denying the motion. The action was commenced September 12, 1902. Defendants appeared and filed a general demurrer to the complaint on October 9, 1902. Counsel did not appear to present the demurrer, and on November 10, 1902, the court made an order overruling it and allowing defendants ten days to answer.

On December 1, 1902, the defendants filed their answer. The complaint was verified, and the answer did not deny the execution of the promissory note and mortgage as alleged in the complaint. It attempted to deny the amount due, but its denial was in the following language: "Deny that nine months of interest, and no more, on said principal sum mentioned in said promissory note and said mortgage has been paid, and is indorsed on said promissory note; and deny that two thousand ($2000) dollars gold coin of the United States, the principal sum mentioned in said promissory note and mortgage, together with interest thereon, at the rate of two per cent per month from July 1, 1902, still remains due and unpaid from said defendants." It denied, for want of information or belief, that plaintiff was the lawful owner or holder of said promissory note. It alleged affirmatively that the defendants, at the time of executing the said note and mortgage, were directors of a corporation known as "Great Northern Gold Mining Company," and that in the execution of said note and mortgage they acted solely as the agents of the said corporation and for its use and benefit.

The case was set for trial and tried June 25, 1903. In support of the motion for a continuance the defendants' attorneys filed an affidavit dated June 23, 1903, which stated that they did not know until informed by plaintiff's attorneys June 10, 1903, that the case had been set down for the 25th of June; that both members of the firm were then and would be on the 25th engaged in the trial of the case of Neal *v.*

Exposed Treasure Mining Company, and that it would be impossible for either member of the said firm to be present in Bakersfield on the twenty-fifth day of June, the time so set for the trial of this case; that they had not had sufficient time since the case was set for trial to locate or communicate with their clients or to subpœna their witnesses; that both the attorneys, members of the firm, had been subpœnaed as witnesses in the said action so pending in Los Angeles for the twenty-fifth day of June, 1903. There was no other evidence offered in support of the motion. The motion was made at ten o'clock A. M. on June 25th, at the time the action had been set for trial. No notice of the motion had been given to plaintiff's attorneys. No reason is stated as to why the motion was not made sooner. It does not appear that appellants' attorneys even requested the attorneys for plaintiff to consent to a continuance of the case. If between the 10th and the 25th of June the attorneys for appellants had in good faith and upon a proper showing made a motion for a continuance in time to prevent any great inconvenience to plaintiff, the court no doubt would have granted it. If such showing had been made with a proper request to plaintiff's attorneys, they would in all probability have consented to setting the case for a time that would suit all parties.

While the affidavit states that the attorneys had not had time to locate or communicate with their clients, the reasons are not stated. It does not appear why between the tenth and twenty-third days of June they could not have reached their clients. It does not appear that it was necessary to subpœna any witnesses, nor that any attempt was made to subpœna any. The affidavit does not even state that it is made in good faith, nor that if the case should be continued that the attorneys will be present at a future time to be set for the trial. The court does not appear to have acted hastily. With the time that had expired since the suit had been commenced, the kind of answer that had been filed, and the generalities contained in the affidavit, the court was familiar. It had the right to act in view of all these matters.

We advise that the judgment be affirmed.

Chipman, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

McFarland, J., Henshaw, J., Lorigan, J.