[No. 52.  Second Appellate District.—August 16, 1905.]

## T. DUNLAP, Respondent, v. EUGENE R. PLUMMER, Appellant, and FRANK O. WAKELEY, Respondents.

CONTRACT—RESCISSION—INCOMPETENT PERSONS.—The contract of a person whose mind was so impaired as to be incapacitated for transacting business, but who was not entirely without understanding, may be rescinded; and such right of rescission includes the defensive right, if the other party seeks by action to enforce the contract, to set up and establish such matters as would justify a decree of rescission.

ID.—INCOMPETENT JOINT MAKER OF NOTE.—A joint maker of a promissory note, which was given for an antecedent debt due from the other maker to the payee, who signed the note in ignorance of

that fact and when he was mentally incapacitated from transacting business, is entitled either to sue for a rescission of the contract or to set up such right to a rescission as a defense to an action on the note brought by an assignee who paid no consideration for the assignment.

ID.—CONTINUANCE—DEPOSITION NOT RETURNED.—It is error to refuse a continuance asked for by the defendant in an action on such note in order to procure the deposition of an absent witness, by whom alone his mental incompetency could be established, if the affidavit for the continuance was sufficient in form and due diligence had been used in the attempt to procure the deposition.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial.

The facts are stated in the opinion of the court.

Dunnigan & Dunnigan, for Appellant.

Stephens & Stephens, for Respondent.

ALLEN, J.—Plaintiff declares upon a promissory note executed to one Wright, plaintiff's assignor, by one Wakeley and appellant Plummer. Wakeley suffered default. Plummer answered, alleging that he received no consideration for the note; that the same was given by Wakeley for an antecedent debt due Wright; that appellant signed the same at the request of said Wakeley and said Wright, and in ignorance of the fact that it was to secure a pre-existing debt; that Wakeley was insolvent at the time and Wright knew it; that plaintiff paid no consideration for the assignment to him. And for a further answer alleges that at the time of such signing, and for a long time prior thereto, he was mentally incapacitated for transacting business; that his mind was so impaired that he did not comprehend what he was doing, and did not understand the nature and obligation of the contract or the liability he was incurring. When the case was called for trial appellant moved for a continuance, that he might procure the deposition of an absent witness by whom alone he could establish the mental condition and incompetency set out in his answer. It is conceded that this affidavit was sufficient in form, and that due diligence had been used in an attempt to procure the deposition. The

motion was denied and the case proceeded to trial, and judgment went for plaintiff.

The motion for a new trial being denied, appellant appeals from the judgment and from the order denying such new trial.

The sole question presented, as conceded by counsel, is as to the sufficiency of the answer to constitute a defense to plaintiff's action; for if the answer was sufficient, then appellant was by this action of the court prevented from an opportunity to present evidence in support thereof. We are of opinion that the answer was sufficient. While the contract was only voidable, the appellant not being shown by the answer to be a person entirely without understanding, yet it was a contract which he might have rescinded under the code. That right of rescission is exercised when a party who desires to rescind gives seasonable notice of such intent, and when a consideration has been received returns the same, placing the other party in *statu quo,* thus terminating the contract. He may sue for a rescission and obtain a judgment of court decreeing his release upon such terms as the court may deem just. (*Moore* v. *Moore,* 56 Cal. 92.) This right also includes the defensive right which authorizes himself the other party seeks by action to enforce the contract, to set up and establish such matters as would justify a decree of rescission, which is the effect of a judgment in defendant's favor upon such an answer as is before us. (*Toby* v. *Oregon Pacific R. R. Co.,* 98 Cal. 498, [33 Pac. 550]; *Field* v. *Austin,* 131 Cal. 382, [63 Pac. 692].) The mere fact that a party does not avail himself of the right to rescind or sue, therefore, is not to be taken as barring him from his right of defense when the other party seeks to enforce a contract which is voidable, or where the consideration has wholly failed or failed in part. And where no intervening rights or equities are involved, and where, as in this case, no prejudice could possibly exist by reason of delay, this defensive right is still open. The allegations of the answer are sufficient, if established, to warrant a decree of rescission. They certainly are sufficient as a defense, where the contract is sought to be enforced.

Judgment and order reversed, and cause remanded for a new trial.

Gray, P. J., and Smith, J., concurred.