[Civ. No. 5611.    Second Appellate District, Division One.—May 17, 1927.]

## FRED R. CROSS, Petitioner, v. SUPERIOR COURT OF IMPERIAL COUNTY, Respondent.

[1] TRIAL—STIPULATIONS—CONSTRUCTION.—In view of the circumstance that a stipulation that a case "may be set for trial" may be procured to avoid the trouble incident to giving notice of motion to set the cause for trial, such a stipulation that the cause might be *set* for trial would not necessarily include a stipulation that the cause might be *brought* to trial on the day on which it was set for hearing. (On denial of hearing in supreme court, approval withheld.)

[2] JUSTICE'S COURT—APPEAL—TRIAL—STIPULATION AFTER EXPIRATION OF STATUTORY TIME—EFFECT ON DISMISSAL.—The fact that after the statutory period within which a justice's court appeal might be brought to trial had run the respondent entered into a stipulation that the "case may be set for trial" did not affect his right to a dismissal of the appeal upon the ground that the appeal was not brought to trial within the statutory period.

[3] ID.—WAIVER—ESTOPPEL.—The general rule is that a waiver can result only from an intentional relinquishment of a known right and that it may be inferred only where the conduct of the party has resulted in a prejudice to the rights of his opponent caused by an honest belief that the waiver was intended.

---

(1) 35 C. J., p. 806, n. 79.    (3) 40 Cyc., p. 252, n. 44.

PROCEEDING in Mandamus to compel the Superior Court of Imperial County to dismiss an appeal from the Justice's Court.    M. W. Conkling, Judge.    Writ granted.

The facts are stated in the opinion of the court.

---

2.    See 9 Cal. Jur. 544.
3.    See 25 Cal. Jur. 926.

Jas. W. Glassford for Petitioner.

Harry W. Horton and M. W. Conkling for Respondent.

HOUSER, J.—Briefly, the facts are that in an action brought in the justice court the plaintiff (petitioner herein) therein recovered judgment. Thereupon an appeal from such judgment was taken by the defendant to the Superior Court. More than one year after such appeal had been perfected, the attorney for the plaintiff signed the following stipulation: "It is stipulated the above case may be set for trial." Thereafter, under the provisions of section 981a of the Code of Civil Procedure, the plaintiff moved the Superior Court to dismiss the appeal on the ground that it had not been brought to trial within one year from the date of the filing of such appeal. The motion was denied; whereupon the instant proceeding was instituted by the plaintiff for the purpose of obtaining an order from this court directing the said Superior Court to dismiss said appeal.

Petitioner contends that the stipulation by him that the action "may be set for trial" is not the equivalent of a stipulation that the cause might be *brought* to trial. A distinction between the two propositions is apparent. A situation such as might be presented by a stipulation that the cause might be *set* for trial might arise from a desire on the part of the moving party to avoid the trouble incident to giving notice of a motion to set the cause for trial. It might be more convenient and possibly involve the expenditure of less time and labor to secure such a stipulation than it would be to serve and file a notice of motion. [1] In such circumstances a stipulation that the cause might be *set* for trial would not necessarily include a stipulation that the cause might be *brought* to trial on the day on which it was set for hearing. In this connection, see *Boyd* v. *Southern Pac. R. R. Co.,* 185 Cal. 345 [197 Pac. 58]; *Hoopes* v. *Superior Court,* 71 Cal. App. 564 [235 Pac. 739].

The facts in the case of *Rio Vista Min. Co.* v. *Superior Court,* 187 Cal. 1 [200 Pac. 616], resemble those in the instant case in that, after the statutory period had run, the parties sent a telegram to the judge of the trial court by which the parties agreed on a date for the trial of the action.

Certain correspondence between the parties also figured in the matter. It was held that such correspondence, followed by the signed telegram, constituted a stipulation in writing signed by the parties, agreeing to bring the case to trial at a date beyond the period prescribed by the statute.

In the case of *California L. & A. Co.* v. *Superior Court,* 70 Cal. App. 767 [234 Pac. 408], it is held that where the petitioner for the writ of mandate, before the expiration of the statutory period, had himself caused the case to be set for trial, he was "estopped to take advantage of the defect." The force of the ruling in that case, however, is offset by a contrary ruling on similar facts in the case of *Abbott* v. *Superior Court,* 79 Cal. App. 746 [251 Pac. 221]. (See, also, *Swim* v. *Superior Court,* 193 Cal. 539 [226 Pac. 2].) But in any event, the facts in either of those cases are unlike the facts in the instant case, in that in each of such cases the act of the nonappealing party took place before the time limited by the statute for the trial of the action had expired; while in the case now under consideration the act of the nonappealing party occurred after the statutory period had run.

*Miller & Lux* v. *Superior Court,* 192 Cal. 333 [219 Pac. 1006], is the most thoroughly considered case to which the attention of this court has been directed. The authorities are there reviewed, and the conclusion reached is that the terms of the statute will not permit of a waiver arising by implication or inference, and that nothing short of a written stipulation by which it must clearly appear that the benefit of the statutory provision was intentionally waived will have the effect of extending the time limited by the statute. Among other things, the court said: "The provision that a written stipulation be entered into was intended to preclude all disputes, with their attendant charges and countercharges of overreaching and unethical conduct, by a requirement that clear and uncontrovertible evidence be presented to the court that the statutory time was deliberately intended to be extended by both parties."

[2] As in the instant case the stipulation was not entered into until after the expiration of the time fixed by the statute, it becomes apparent that thereafter no conduct on the part of the plaintiff with reference to the case could prejudice the rights of the defendant in the premises. His

statutory rights, so far as being able to bring the appeal to trial, were entirely ended; and no estoppel could be predicated on the assumption that the plaintiff had done something which defendant in reliance thereon had caused him to alter his position to his injury. Likewise, in the circumstances, the doctrine of waiver is equally unavailing to the defendant. [3] The general rule is that a waiver can result only from an intentional relinquishment of a known right, and that it may be inferred only where the conduct of the party has resulted in a prejudice to the rights of his opponent caused by an honest belief that the waiver was intended. (25 Cal. Jur., p. 926 et seq.)

As hereinbefore noted, the stipulation here under consideration was susceptible of two meanings—one that the action might be *set* for trial, and the other that the action might be *brought* to trial. To attach to the stipulation the broader meaning that the cause might be *brought* to trial would require a construction which would not even be founded on an inference arising from any conduct on the part of the plaintiff. Aside from the stipulation itself, so far as the record discloses, plaintiff had neither said nor done anything which would give rise to an honest belief in the defendant that plaintiff had intentionally relinquished his right to urge the provision of the statute in the enforcement of the benefits to which he was entitled. The one act of the plaintiff was equivocal. There was no evidence of the essential element of a deliberate intention on his part to extend the time limited by the terms of the statute. It follows that the plaintiff was entitled to have the appeal dismissed.

The writ should issue as prayed. It is so ordered.

Conrey, P. J., and York, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 15, 1927, and the following opinion then rendered thereon:

THE COURT.—The petition for hearing in this court is denied. In denying the same, however, we do not desire to be understood as approving the holding of the district

court of appeal that there is a necessarily controlling distinction between a stipulation that a cause "may be set for trial," and a stipulation that a cause "may be brought to trial." The decision otherwise is amply sufficient to support the judgment.