[Civ. No. 9756. First Appellate District, Division One.—July 25, 1935.]

PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and WALTER BOLIN JOHNSON, Respondents.

Thomas J. Straub and John J. Briare for Petitioner.

Everett A. Corten, Henry G. Sanford and Arthur I. Townsend for Respondents.

THE COURT.—Petition for writ of review for the purpose of having annulled an order issued by respondent Industrial Accident Commission denying credit to an employer against liability to its injured employee. From the petition it appears that respondent Walter Bolin Johnson, a foreman in the gas department of petitioner Pacific Gas and Electric Company, sustained an injury occurring in the course of and arising out of his employment in the following manner: Johnson was engaged with other employees in laying a temporary gas main in a street in San Francisco, which work was necessitated by reason of a change of grade. At the same time Piombo Bros., a grading firm, was endeavoring to move a power pole located near by. The pole fell and struck Johnson in the back, causing a comminuted fracture of the right scapula and a compression fracture of the eighth dorsal vertebra, which injuries are permanent. Petitioner assumed liability under the Workmen's Compensation Act and placed its injured employee in a hospital for the cure and relief of his injuries. It also paid him compensation in the total sum of $1671.18. Shortly after the accident Johnson filed suit against Piombo Bros., alleging that he sustained his injuries by reason of their negligence. The attorney who represented Johnson, ascertaining that the public liability carried by Piombo Bros. was limited to $10,000, endeavored to negotiate a settlement, and a figure of $8,250 was eventually

agreed upon. A controversy then arose between the representative of petitioner, Pacific Gas and Electric Company, and the attorney for the injured employee as to the former's lien on this sum for its expenditures, the amount of which at that time was the sum of $2,400. Upon ascertaining this fact, Johnson refused to agree to a settlement of his suit against Piombo Bros. Thereafter further conferences were had between the parties the culmination of which was that petitioner, Pacific Gas and Electric Company, agreed to accept $1200 for its expenditures out of the sum of $8,250 to be received by the employee. In consideration of its waiver to the balance of the $8,250, petitioner, Pacific Gas and Electric Company, sought to be relieved from all further liability for compensation, medical or other treatment to which respondent Johnson would otherwise be entitled by reason of the Workmen's Compensation Act. The Industrial Accident Commission refused to approve this agreement. Thereafter further negotiations ensued, with the final result that a settlement between the employee and Piombo Bros. was completed, the petitioner Pacific Gas and Electric Company agreeing to waive its right of lien for advancements to its injured employee upon the agreement that the employee would relinquish his right against petitioner for all benefits under the Compensation Act. This being understood, petitioner joined with Johnson in the release and settlement agreement with Piombo Bros. Thereafter, and notwithstanding this agreement, Johnson filed an application with respondent Industrial Accident Commission for adjustment of the claim against petitioner. The commission, after hearing, issued its findings and award granting Johnson compensation at the rate of $24.22 weekly until the sum of $5,812.80 was paid, and thereafter a life pension of $14.91 weekly, continuing during the remainder of the life of employee, and also directed petitioner Pacific Gas and Electric Company to provide the employee medical treatment as might reasonably be required during such period. A petition for rehearing was made and denied. At the same time petitioner filed an "Application for Allowance of Credit" as provided for by section 26 of the Workmen's Compensation Act in the sum of $8,250 to be applied against its liability for compensation. This petition was denied as was also a petition for rehearing.

The sole question here presented is whether or not under the circumstances the commission was justified in denying petitioner credit, upon its liability of a life pension, of the amount received by Johnson from Piombo Bros., who were responsible for the accident. No claim is made that this credit affects the legal obligation of petitioner to take care of Johnson during the remainder of his life, a liability that, under the mortality tables it is claimed, amounts to a sum in excess of $25,000. Section 26 of the Workmen's Compensation Act provides in express terms that the commission shall, upon application, allow a credit to the employer, to be applied against his liability for compensation, of the full amount of any recovery by the employee for his injury either by settlement or after judgment. (Stats. 1931, chap. 1119.) Respondents, however, claimed before the commission and do here, that petitioner, in failing to file its application for allowance of the same either at the first hearing or upon its petition for a rehearing, waived its right to any credit, and that it likewise waived its right by conduct in relinquishing its lien upon the amount received by the injured employee under the settlement agreement. As above stated, petitioner, on the same day that it filed its petition for rehearing, also filed its request for a credit by reason of the settlement of the action against Piombo Bros. Notwithstanding the objection of respondents, the commission set the cause for further hearing. Thereafter the commission denied petitioner's application. Upon this subject it found that no segregation was made in the settlement agreement as between damages on account of pain and suffering, and the compensation to which the applicant would be entitled under the Workmen's Compensation Act; that petitioner had full notice of said settlement and full opportunity to assert any lien or liens against said settlement which it might have had on account of compensation payments made to the applicant or on account of expenditures made because of applicant's injuries, and failed to protect any lien. It further found that petitioner waived its right to any portion of said third-party settlement at the time that agreement was made. A petition for rehearing was made and denied, and the present proceedings followed. Under these facts we are of the opinion that the commission erred in failing to allow petitioner a credit to be applied

against its liability for compensation. Section 26 of the Workmen's Compensation Act, undoubtedly passed to prevent double recovery, makes a distinction between a "lien" and a "credit". It provides that the employer shall have a lien against the amount of any judgment for any damages recovered by the employee. It also provides that the commission shall allow a credit to the employer to be applied against his liability for compensation. While it is true petitioner herein waived its right of lien against the amount received by the injured employee by way of settlement, it at no time waived its right to a credit upon its liability under the Workmen's Compensation Act. No claim is made that there was any express waiver to a credit on the part of petitioner, but it is argued that its conduct was such that a waiver is implied. There is nothing in the evidence to warrant such conclusion. On the contrary, it appears that at the time petitioner waived its lien on the amount of the settlement, it was expressly agreed that the employee would relinquish or waive any of his rights to proceed against petitioner under the compensation law. Nothing was said or even intimated about a credit, and in fact the evidence further shows that the injured employee was entirely ignorant concerning the question of a credit to which petitioner was entitled. It also shows that the employee considered his case closed for all purposes when petitioner agreed to relinquish its lien to the amount received.

The general rule is that a waiver can result only from an intentional relinquishment of a known right, and that it may be inferred only when the conduct of the parties has resulted in some prejudice by reason of a warranted belief that a waiver was intended. (*Cross* v. *Superior Court,* 83 Cal. App. 144 [256 Pac. 453]; *Ingram* v. *Department of Industrial Relations,* 208 Cal. 633 [284 Pac. 212].) There being no representations concerning the credit to which petitioner is entitled under the statute, and no circumstances from which a waiver could be implied, there could of course be no waiver. Nor is there any merit in the contention that petitioner, in failing to claim the same upon the original hearing, waived its credit. The statute merely provides that the commission shall allow a credit for any recovery had

by an employee for his injury without reference to the time of the filing of his application.

And finally, we do not think that failure of segregation in the settlement agreement with the tort-feasor, of items of compensable damage under the Workmen's Compensation Act and items of general damage at common law, is fatal to petitioner's claim of credit. Subsequent to the case of *Ansbach* v. *Department of Industrial Relations,* 99 Cal. App. 677 [279 Pac. 224], section 26 of the Workmen's Compensation Act was amended (Stats. 1931, chap. 1119). Since said amendment, lack of segregation is immaterial as it has eliminated the necessity for segregation between special compensation damages and general damages at common law. (*San Bernardino County* v. *Industrial Acc. Com.,* 217 Cal. 618 [20 Pac. (2d) 673].)

Petitioner is here merely seeking the remedy the statute expressly gives it. It has done nothing to forfeit the right, and the commission should have determined the amount of credit to which it was entitled to be credited against its liability.

The award is annulled.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 23, 1935.