[Civ. No. 6267.  Third Appellate District.—April 10, 1940.]

H. W. STRUCKMAN, Appellant, v. BOARD OF TRUS-
TEES OF TRACY UNION HIGH SCHOOL et al.,.
Respondents.

Gumpert & Mazzera and C. H. Hogan for Appellant.

F. C. Clowdsley, District Attorney, R. M. Dunne, Assistant District Attorney, and George Wadsworth for Respondents.

TUTTLE, J.—Petitioner sought by means of a writ of mandate, to compel the respondents, as school trustees, to reinstate him as a teacher. The court found in favor of respondents upon the material facts in issue, and judgment was entered denying the writ. The appeal is from the judgment.

Petitioner was a teacher in Tracy Union High School for some eight years. He had never become a permanent employee of the high school district under the provisions of School Code, sections 5.500–5.506. The essential facts of the controversy are set forth in the following findings:

## "III

"That on May 14th, 1937, the respondents duly granted the petitioner a leave of absence for the school year, 1937–1938; that said leave of absence was granted to the petitioner at his own request, on account of his poor health, and said leave·of absence was not granted under the provisions of Sec. 5.722 of the California School Code; that after said leave of absence was granted, petitioner signed a writing which was introduced in evidence and marked 'Petitioner's Exhibit #2', which said writing is in the words and figures, as follows, to-wit:

" 'May 14, 1937.

" 'The following form must be signed by the individual who has been granted a "Leave of Absence":

" 'The Board of Trustees hereby grants a "Leave of Absence" to Mr. Henry W. Struckman for the school year of 1937–38, for the following reasons:

" 'First, due to Dr. Power's written statement as to Mr. Struckman's health.

" 'Second, for the purpose of permitting Mr. Struckman to attend an accredited College or University, and to obtain at least four College units of work in the field of education.

" ' "I, H. W. Struckman, (own writing), do hereby certify that I have read the policy as adopted by the Board of Trustees of Tracy Union High School on May 11, 1937, at a regular Board meeting. I give reasonable assurance that I will abide by the above regulations and the policy of the

Board of Trustees; also, that I will return to Tracy Union High School after a period of one school year.

" ' "I release the Board of Trustees from any and all obligations whatsoever to re-employ me, should my character, health, or ability change and become any other than that standard which is maintained by the Board of Trustees for teachers in Tracy Union High School, Trustee's decision on above matters to be final."

Signed: H. W. STRUCKMAN
Witness: MRS. LEILA RIGGS
Witness: MRS. RENA CROSS

" 'Date: May 14, 1937.'

"That on February 9th, 1938, respondents notified the petitioner, in writing, in the form and manner required by the School Code of the State of California, that they would not re-employ him for the school year 1938-1939, which said notice was duly received by the petitioner."

The uncontradicted evidence shows that appellant, during his leave, never traveled, nor did he obtain four units of work in the field of education.

It is contended by appellant that the trustees under the School Code had no right or authority to discharge him during the time he was on leave of absence. He relies upon section 5.722 of the School Code, which relates to leave of absence granted to a teacher "for the purpose of permitting *travel* or *study*". The section provides, at the end thereof, that: "At the expiraton of the leave of absence of said employee, he shall, unless he otherwise agrees, be reinstated in the position held by him at the time of the granting of the leave of absence." Assuming that the construction placed upon the foregoing section by appellant is correct, we are satisfied that there is ample evidence to support the finding that the leave was not granted under the provisions of said section, but was granted because of the ill health of appellant, and consequently came under the provisions of section 5.721 of the School Code relating to granting of a leave of absence on account of *illness*, which makes no provision whatever for reinstatement. Appellant testified: "It is permissible under the law, after you have worked in a place for eight years, *and I was a sick man.* . . . My doctor advised me that if I did not take a rest I probably would not finish the next year, and I thought that was reason enough to ask for it, the Board would grant it." Assuming, as appellant con-

tends, that the conduct of the parties would indicate, that the leave was under section 5.722, this would merely create a conflict in the evidence, and we are bound to uphold the finding under those circumstances.

It is contended that if the finding mentioned is upheld, appellant still could not be dismissed during his leave, for the reason that the provision for reinstatement found in section 5.722 should be read into section 5.721. He points out that there are four sections of the School Code under the title "Leaves of Absence". In *one only,* relating to travel and study, is there any provision for reinstatement. That the legislature had the power to so act, is not questioned by appellant. There is no ambiguity, conflict or uncertainty. "It is a cardinal rule that statutes are construed according to the intention, or at least according to the apparent or evident intention or purpose, of the lawmakers. Such intention controls, if it can be reasonably ascertained from the language used. Indeed, it has been said that the legislative intent in enacting a law is the law itself. Accordingly, the primary rule of statutory construction, to which every other rule as to interpretation of particular terms must yield, is that the intention of the legislature must be ascertained, if possible, and, when once ascertained, will be given effect, even though it may not be consistent with the strict letter of the statute. In other words, as is declared by the Code, 'in the construction of a statute the intention of the legislature . . . is to be pursued if possible'. Certainly the language of a statute should never be so construed as to nullify the will of the legislature, or to cause the law to conflict with the apparent purpose had in view by the lawmakers." (23 Cal. Jur., pp. 725, 726, 727.) It is our conclusion that the legislature intended to grant reinstatement only to those teachers whose leaves of absence were predicated upon travel or study. We are not at liberty to impute a particular intention to the legislature when nothing in the language employed implies such an intention. The authorities cited by appellant do not sustain his position, and if adopted here, would result in an unwarranted invasion of the functions of the legislature.

Finally, it is contended by appellant that respondents are equitably estopped from denying petitioner's legal right to be reinstated. He points out that at the time he was granted his leave, May 14, 1937, he was required to sign the

statement prepared by respondents and set forth in the findings quoted above as petitioner's exhibit No. 2.

That the next time he heard from respondents was through his letter of dismissal, which was dated February 9, 1938. His argument is predicated upon the fact that it appears that "it was the thought, intent, and purpose of respondents to reinstate petitioner at the end of such leave of absence in accordance with the provisions of the School Code". We cannot start with such a premise because the trial court has impliedly found, upon sufficient evidence, that respondents did not hold out to appellant that he would be reinstated at the end of his leave. "The whole office of an equitable estoppel is to protect one from a loss which, but for the estoppel, he could not escape. The vital principle of equitable estoppel, it has been said, is that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position involves fraud and falsehood, and the law abhors both." (10 Cal. Jur., p. 626.) We are of the opinion that the evidence is insufficient to give rise to an equitable estoppel. There was no evidence that appellant was misled, to his prejudice, nor are any elements of fraud or falsehood present in the record.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.