[Civ. No. 17254.   Second Dist., Div. Two.   Feb. 28, 1950.]

JOHN A. BIEDEBACH et al., Respondents, v. EMERSON CHARLES et al., Appellants.

Max Hurwitz for Appellants.

Blanche & Fueller and John K. Blanche for Respondents.

MOORE, P. J.—August 8, 1946, appellant ordered 2,000 metal cabinets from respondents at the agreed price of $1.79 per cabinet. Subsequently, respondents were directed to deliver the cabinets to one Kluge and to collect $1.97 and remit the 18 cents differential to appellant. Nine hundred sixty-five cabinets were delivered to Kluge pursuant to appellant's instructions. The balance of the 2,000 cabinets were ready for delivery November 20, 1946, of which fact appellant was at that time notified. After their unsuccessful attempts to collect the accounts from Kluge, respondents demanded payment of the balance by appellant. About the time of the completion of the entire order by respondents, they fabricated goods on a second order for Kluge at an agreed price of $721.45. At

that time they received $1,500 from Kluge. They applied $721.45 upon the second order and the balance to the account of appellant. March, 1947, the undelivered cabinets were tendered to appellant and demand for the unpaid portion of the purchase price was made. Following a trial, judgment was awarded respondents in the sum of $2,601.45, whence comes this appeal.

Appellant assigns as error the court's denial of his motion for a continuance and his contemporaneous motions for leave to take the deposition of Kluge on the ground that the latter was out of the state and that appellant had been unable to locate him until two weeks prior to the trial. He based the latter application upon the claim that Kluge's testimony was the only available evidence of dealings between respondents and Kluge and that the latter would have established that respondents failed to supply the cabinets within a reasonable time. There was no error in the court's rulings. The testimony of Kluge could have created no more than a conflict in the evidence. Substantial proof was received to the effect that respondents had supplied the cabinets more rapidly than Kluge could store them. Also, there was apparently no time specified in the original order for the delivery and there was no showing that the cabinets were not completed within a reasonable time. Respondent Jack Sale testified that he dealt directly with Kluge. Therefore, since the evidence would be merely cumulative there was no probability that Kluge's testimony would change the result of the trial.

Moreover, an order denying a motion for a continuance rests largely in the discretion of the trial court. It will not be ground for reversal in the absence of a clear showing of an abuse of discretion. (*Jennings* v. *American President Lines,* 61 Cal.App.2d 417, 422 [143 P.2d 349, 144 P.2d 54]; *Tiffin* v. *Cummings,* 144 Cal. 612, 613 [78 P. 23]; *Sheldon* v. *Landwehr,* 159 Cal. 778, 781 [116 P. 44]; *Flynn* v. *Fink,* 60 Cal.App. 670, 673 [213 P. 716].)

Appellant in support of his assignment cites *Dunlap* v. *Plummer,* 1 Cal.App. 426 [82 P. 445], which held that it was error to refuse a continuance to procure a deposition. The decision is not pertinent. It involved an action on a note and the witness whose deposition was sought was the only person available who could establish defendant's contention. It might with reasonable probability have affected the outcome of the trial.

■ Appellant contends that by plaintiffs' dealing with Kluge and making no demand on appellant for payment or tendering the cabinets to defendant they thereby, waived the right to collect from appellant. But respondents were acting at appellant's request in making deliveries of the merchandise directly to Kluge and in billing him. They were in fact appellant's agents. A waiver can result only from an intentional relinquishment of a known right and it will be inferred only when the conduct of the parties has resulted in some prejudice by reason of a justifiable belief that a waiver was intended. (*Pacific Gas & Electric Co.* v. *Industrial Acc. Com.*, 8 Cal.App.2d 499, 503 [47 P.2d 783] ; *Cross* v. *Superior Court*, 83 Cal.App. 144, 147 [256 P. 453].) Appellant was not misled to his prejudice by any act of respondents. The attempts of the latter to collect from Kluge were made in accordance with appellant's wishes. Nothing was done by respondents from which it could have been reasonably inferred that they had released appellant from the obligation created by his original order for the merchandise. Whether the acts of respondents constituted a waiver of their account against appellant was a question of fact for the trial court. (*California Southern Hotel Co.* v. *Callender*, 94 Cal. 120, 126 [29 P. 859, 28 Am. St.Rep. 99].)

■ Appellant further contends that by reason of respondents' dealing only with Kluge they are estopped from asserting the liability of appellant on his contract. But there is no showing that appellant was actually misled by any act of respondents to his prejudice. If they dealt with Kluge at the request of appellant, they were thereby serving appellant. Appellant had notice that Kluge was not paying for the merchandise which was tendered to appellant. In no sense did the latter change his position in reliance upon any statement or act of respondents. The very basis of an equitable estoppel is that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject such person to loss or injury by disappointing the expectations upon which he acted. (*Struckman* v. *Board of Trustees*, 38 Cal.App.2d 373, 377 [101 P.2d 151].)

■ Appellant contends that the $1,500 on the second order and another $200 received by respondents from Kluge should have been applied in its entirety to the cabinet account rather than to close the account for work previously done by respondents for Kluge. But the other goods had been delivered

to Kluge and he had been billed for them prior to the completion of the cabinets ordered by appellant and the account for such other goods appeared first in point of time in respondents' books. Also, Kluge did not at the time of the payment designate to which account it was to be applied. In such event there was no duty on respondents to discharge the more recent account rather than to apply it on the account of appellant.

It is next contended that plaintiffs have not attempted to minimize the damages by reselling the cabinets which were not accepted by Kluge. In support of such contention is cited 8 California Jurisprudence, page 785, to the effect that it is the seller's duty to resell as much of rejected merchandise as he can to others at the best possible price. But in the situation here presented, the cabinets were of a type which had no sale on the open market. They were made for a highly specialized purpose. There was no proof that they had any salvage value. It was incumbent upon appellant to establish the matters relied upon in mitigation of the damages. (*Steelduct Co.* v. *Henger-Seltzer Co.,* 26 Cal.2d 634, 654 [160 P.2d 804] ; *de la Falaise* v. *Gaumont-British Picture Corp.,* 39 Cal.App. 2d 461, 469 [103 P.2d 447] ; *Cope* v. *Sutter County,* 206 Cal. 445, 455 [274 P. 750].)

Lastly, appellant contends that he is entitled to a commission on the $1,700 paid to respondents by Kluge or upon such part of it as was applied upon the cabinet account. Unfortunately for appellant, the court determined that no contract was ever made whereby respondents were to pay appellant any commission. Such conclusion is supported by the evidence.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.